FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 18 P 3: 14
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RUDOLPH SQUARE, JR., on behalf of ARNETTA VIVIAN SQUARE, deseased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 111-038 |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Rudolph Square, Jr. ("Plaintiff"), appeals the decision of the Commissioner of Social Security (the "Commissioner") denying the applications filed by his deceased wife, Arnetta Vivian Square ("Claimant"), for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I. BACKGROUND

Claimant protectively applied for DIB and SSI in September of 2007, alleging a disability onset date of August 31, 2007. Tr. ("R."), pp. 110-15. The Social Security Administration denied Claimant's applications initially, R. 53-60, and on reconsideration,

R. 63-70. Claimant requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on September 11, 2009. R. 22-48. At the hearing, the ALJ heard testimony from Plaintiff,[1] who was represented by counsel, as well as a Vocational Expert ("VE"). See id. On October 15, 2009, the ALJ issued an unfavorable decision. R. 11-21.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant had not engaged in substantial gainful activity since August 31, 2007 (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2. The claimant had the following severe impairments: asthma, depression, hypertension, and obesity (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

3. The claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925, & 416.926).

4. The claimant had the residual functional capacity ("RFC") to perform light work[2] except the claimant had restrictions against frequent or repetitive stooping, kneeling, crouching and crawling; as well as frequent or repetitive reaching and push/pull functions. She also had restrictions against exposure to fumes and extreme heat and cold. The claimant was unable to perform any of her past relevant work (20

---

[1]Claimant passed away on September 15, 2008, prior to the hearing. R. 116.

[2]"Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

2

C.F.R. §§ 404.1565 & 416.965).

5. Considering the claimant's age, education, work experience, RFC, and the testimony of the VE, the Medical-Vocational rules support a finding that the claimant was not disabled, whether or not the claimant had transferable job skills (SSR 82-41 & 20 C.F.R. Part 404, Subpart P, Appendix 2). Therefore, the claimant was not under a disability, as defined in the Social Security Act, from August 31, 2007, through September 15, 2008 (the date of her death).

R. 16-21.

When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the ALJ erred by disregarding the evidence of Claimant's disability during the relevant time period and by improperly evaluating the credibility of his hearing testimony. (See doc. no. 13 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's applications for benefits was supported by substantial evidence and should be affirmed. (See doc. no. 14 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not

3

decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the

4

decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. ALJ's Failure to Discuss Medical Evidence

As noted above, Plaintiff's first allegation of error is that the ALJ improperly disregarded evidence of Claimant's disability during the relevant time period. In particular, Plaintiff notes that the ALJ's decision discusses several medical records from March of 2005 through July of 2007, a period when Claimant was still working, but makes "virtually no reference to any of the Claimant's medical records from her alleged onset date [August 31, 2007] through the date of her death [September 15, 2008]." Pl.'s Br., p. 6. Plaintiff asserts that the ALJ failed to discuss Claimant's autopsy report, and she emphasizes that the decision's only reference to any medical evidence after the alleged onset date is the ALJ's statement that "when seen on January 28, 2008, [Claimant's] hypertension and diabetes were still uncontrolled, both reasons that remain unexplained, as most of her autoimmune studies, however, were normal." Id. (citing R. 17). Plaintiff avers that the medical evidence from Claimant's alleged period of disability not referenced by the ALJ suggests limitations that exceed those set forth in the ALJ's RFC finding with regard to her respiratory condition and hypertension. Id. at 6-8.

Aside from noting that the ALJ's decision mentions Claimant's autopsy report, see R. 16, the Commissioner does not dispute Plaintiff's assertion regarding the ALJ's failure to discuss the medical evidence from Claimant's alleged period of disability. However, the Commissioner asserts that the ALJ's discussion of the evidence is adequate because the medical reports discussed from before the alleged onset date are relevant and because "there

is no rigid requirement that the ALJ specifically refer to every piece of evidence ... so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a court] to conclude that [the ALJ] considered her medical condition as a whole." Comm'r's Br., p. 5 (quoting Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. Ala. 2005)). The Commissioner also argues that even if the ALJ erred in his discussion of the medical evidence, any such error is harmless because Plaintiff "has not identified any evidence that directly contradicts the ALJ's evaluation of [Claimant's] asthma and other impairments." Id. at 5-6.

The Court finds the Commissioner's contentions without merit. The principle that an ALJ need not specifically refer to every piece of evidence does not excuse the ALJ's failure to discuss, or even acknowledge, the vast majority of the medical evidence from the period of Claimant's alleged disability. Unlike Dyer, in which the ALJ merely neglected to expressly reference pain medication the plaintiff was prescribed on a single occasion, the ALJ's decision in this case does not enable the Court "to conclude that [he] considered [Claimant's] medical condition as a whole." 395 F.3d at 1211; see also Brunson v. Astrue, Case No. 3:09-cv-984, 2011 U.S. Dist. LEXIS 22702, at *33 (M.D. Fla. Mar. 7, 2011) ("[T]here is a difference in failing to discuss a pain medication [the claimant] had been prescribed on one occasion (as was the case in Dyer) and failing to discuss probative evidence of one of [the claimant's] diagnoses."). Indeed, the ALJ's decision gives the distinct impression that, aside from a single, isolated reference to a January 2008 treatment note, he focused primarily on Claimant's medical condition prior to the date of her alleged disability.

Moreover, as Plaintiff argues, see Pl.'s Br., pp. 7-8, several of the medical records not

6

discussed by the ALJ speak to the severity of Claimant's conditions. For example, regarding her respiratory condition, reports from December of 2007 and January of 2008 indicate that, while Claimant showed no signs of wheezing or stridor, she exhibited "audible breathing," "distant breath sounds," and "unstable" asthma. R. 399, 403. A treatment record from February 13, 2008, documents Claimant's complaints of being unable to breathe and experiencing "bilateral posterior wheezes," as well as "breath sounds [that were] diminished in lower lobes." R. 394-95. Similarly, treatment notes from February 20 and March 15, 2008, document, respectively, "obvious noticeable heavy breathing and shortness of breath at her visit" and "noticeably loud breathing." R. 438, 543. Because the ALJ failed even to acknowledge almost the entirety of the medical evidence from the period in which Claimant alleged that she was disabled, his decision did not "take into account and evaluate the record as a whole." McCruter, 791 F.2d at 1548.

Equally unavailing is the Commissioner's contention that any error by the ALJ in this regard is harmless. The Commissioner would have the Court make a *de novo* determination of the effects of the impairments discussed in the evidence omitted from the ALJ's decision and determine that Claimant's resulting RFC would remain the same, permitting her to perform other work during the relevant period such that she was not disabled. See Comm'r's Br., pp. 5-7. However, such a determination is for the ALJ, not this Court, to make in the first instance. See Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility

determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to properly evaluate the medical evidence, and the Court cannot excuse this error based on the Commissioner's post-hoc assessment of the record. See Wiggins, 679 F.2d at 1390 (remanding where the ALJ failed to mention the claimant's treating physician and the court could not "determine whether the ALJ applied the proper legal standard and gave the treating physician's evidence substantial or considerable weight or found good cause not to do so"); see also Mills v. Astrue, 226 F. App'x 926, 932 (11th Cir. Apr. 3, 2007) (*per curiam*) ("A court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." (citation omitted)). The Court is mindful of the difficulties of evaluating a claimant's impairments and weighing the relevant medical evidence. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, federal courts are unable to provide claimants with sound, meaningful review of the administrative decision. The ALJ in this case undoubtedly erred in disregarding the vast majority of the evidence from the period in which Claimant alleged she was disabled. Accordingly, this case should be remanded.

### B.     ALJ's Improper Evaluation of Plaintiff's Hearing Testimony

In addition to inadequately evaluating the medical evidence, the ALJ failed to properly evaluate Plaintiff's hearing testimony in assessing Claimant's RFC. As Plaintiff points out in his brief, see Pl.'s Br., p. 8, he testified at the administrative hearing as to the

severity and frequency of his wife's symptoms, stating that her asthma attacks "started getting worse and worse" between the time she stopped working and date she passed away. R. 34. He further testified that she suffered asthma attacks "almost every day" and that she used a nebulizer for breathing problems three to four times a day for "almost half an hour" at a time. R. 34-35. Plaintiff contends that the ALJ improperly evaluated this testimony in his RFC assessment, see Pl.'s Br., pp. 8-9, while the Commissioner argues that the record contains substantial evidence in support of the Commissioner's credibility determination regarding Plaintiff's testimony, see Comm'r's Br., pp. 7-11.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial

evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).³ As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, ... the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer, 395 F.3d at 1210-11.

In this case, the ALJ acknowledged Plaintiff's testimony, although he incorrectly states that Plaintiff said Claimant used her inhaler "almost daily," whereas Plaintiff testified that she used her nebulizer three to four times per day. R. 18, 34-35. Ostensibly applying the standard from Holt, *supra*, the ALJ found that Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above [RFC] assessment." R. 19. The ALJ further stated:

> [A] reasonable connection exists between the objective medical evidence and the types of symptoms alleged by the claimant. However, to the extent that the claimant alleges symptoms so severe as to preclude all sustained work activity, the undersigned does not find her credible in light of the opinions of treating and non-examining physicians and the claimant's level of daily activities.

Id. The ALJ also noted that Claimant continued to smoke cigarettes after being advised to quit, and he concluded by stating that his "[RFC] assessment is supported by the record as

---

³In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a whole and the claimant's husbands [sic] testimony at the hearing." Id.

The Court finds that, although the ALJ attempted to address Plaintiff's hearing testimony, he did not sufficiently articulate his reasons for discrediting Plaintiff's allegations regarding Claimant's symptoms. At the outset, the ALJ's decision does not make clear whose credibility he is evaluating; while the ALJ refers to Plaintiff's testimony regarding Claimant's symptoms, the credibility determination appears to refer to unspecified allegations by Claimant, since the ALJ refers to "the claimant's statements" and states that he "does not find *her* credible," while he refers to Plaintiff as "claimant's husband." See id. (emphasis added). Moreover, the ALJ confusingly states that his RFC assessment is "supported by . . . [Plaintiff's] testimony," id., whereas the Commissioner now contends that the ALJ properly discredited Plaintiff's testimony in assessing Claimant's RFC.[4] See Comm'r's Br., pp. 7-11.

Furthermore, after determining that Claimant's underlying medical conditions could reasonably be expected to give rise to the symptoms alleged, the ALJ rejected the allegations as to the severity of those symptoms without citing specific examples in the record that discredit Plaintiff's allegations concerning the intensity, persistence, and limiting effects of

---

[4]The Court notes that the ALJ's confusing, error-ridden credibility analysis is not an isolated occurrence in his decision. For example, in the midst of an otherwise chronological discussion of medical evidence, he confusingly refers to treatment record from October of 1996; upon further review, this appears to be an intended reference to a record that is in fact from October of 2006. See R. 17, 415. Also, the step three analysis concerning the medical listings includes the following perplexing statement: "As for episodes of decompensation, the claimant experienced no episodes of decompensation, each of extended duration." R. 18. While occasional typographical and grammatical errors are understandable, in this instance, the numerous errors in the ALJ's decision detract from the decision's intelligibility and interfere with the Court's ability to conduct a meaningful review.

11

those symptoms. Rather, the ALJ simply concluded that the allegations regarding Claimant's symptoms were not credible by generally citing the entirety of the medical evidence in the record.[5] The ALJ's reference to the level of Claimant's daily activities is likewise insufficient to save his inadequate analysis of Plaintiff's allegations regarding Claimant's symptoms. Just as the ALJ fails to reference any specific examples of medical evidence that controvert Plaintiff's testimony, he provides no explanation as to how Claimant's daily activities are inconsistent with her alleged symptoms.

The Court recognizes the Commissioner's argument that Claimant's failure to cease smoking cigarettes shows noncompliance with medical treatment and that her ability to continue smoking is inconsistent with Plaintiff's allegations as to the severity of her respiratory condition. Comm'r's Br., pp. 8-9. However, while the ALJ referenced Claimant's failure to quit smoking, he did not state in his decision that Claimant's continued smoking supported the decision to discredit Plaintiff's testimony for the reasons now advanced by the Commissioner. See R. 19. The same is true of the other records that the Commissioner cites in arguing that the ALJ's credibility determination is supported by substantial evidence; while the Commissioner's brief discusses these records at length, the ALJ neither cited nor relied upon any of these records in support of his credibility determination. See id.; Comm'r's Br., p. 8-11. To rely on such evidence at this juncture would amount to a *de novo* determination regarding the credibility of Plaintiff's testimony

---

[5]As noted previously, the ALJ failed to discuss much of the evidence in the record, which further calls into question his purported reliance on the entirety of the medical evidence to discredit hearing testimony. See supra Part III.A.

12

regarding Claimant's symptoms, which exceeds the scope of the Court's review. See Ryan, 762 F.2d at 942.

Finally, the Court notes Plaintiff's request that the Court reverse the Commissioner's decision and "direct the Commissioner to issue a finding that Claimant was disabled from her alleged onset date . . . through the date of her death." Pl.'s Br., p. 10. While remand is appropriate, the Court will not recommend that the Commissioner be directed to find Claimant disabled. Though the Court has concluded that the ALJ's consideration of the evidence and credibility determinations were deficient in multiple respects, it is not for the Court to make such determinations on its own, see Moore, 405 F.3d at 211, which it would have to do in order to remand with instructions to enter a decision in Plaintiff's favor.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 18th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

13